IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRUS TENELL SHELLY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE EMPLOYEE JUKOVIC,<br>and NEBRASKA STATE<br>PENITENTIARY,<br><br>Defendants. | 8:21CV47<br><br>MEMORANDUM AND ORDER |

Plaintiff Tyrus Tenell Shelly ("Plaintiff") filed a Complaint (Filing 1) on February 10, 2021, and has been granted leave to proceed in forma pauperis (Filing 9). Plaintiff filed a Motion to Amend (Filing 10) and a Motion to Appoint Counsel (Filing 12). The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. For purposes of this initial review, the Complaint includes the supplemental allegations in Plaintiff's Motion to Amend Complaint. (Filing 10.) *See* NECivR 15.1(b) (court may consider pro se litigant's amended pleadings as supplemental to, rather than superseding, the original pleading).

## I. SUMMARY OF COMPLAINT

Plaintiff, who is currently incarcerated at the Nebraska State Penitentiary, has brought this suit against the Nebraska State Penitentiary ("NSP") and State Employee Jukovic ("Jukovic"), a female caseworker at the NSP, pursuant to 42 U.S.C. § 1983. (Filing 1 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges he suffered excessive force, retaliation, negligence, intentional infliction of emotional distress, and defamation from Jukovic in violation of the First and Eighth Amendments and Nebraska laws. (Filing 1 at CM/ECF p. 5; Filing 10 at CM/ECF

p. 2.) Plaintiff attached to his Complaint the Informal Grievance Resolution Form he filed with the Nebraska Department of Correctional Services ("NDCS") on November 28, 2019. (Filing 1 at CM/ECF p. 8.)

Plaintiff claims that sometime during the week of November 18, 2019, through November 28, 2019, Jukovic physically assaulted him by poking her left-hand fingers violently into his right and left hands while he was reaching out from his segregation cell to grab his meal. (*Id.* at CM/ECF pp. 4-5.) As a result, the back of both his hands turned red. (*Id.* at CM/ECF p. 5.) Plaintiff asserts Jukovic retaliated against him because of a suspension she received in October 2019 for which she blames Plaintiff, and she "went into a hatred, rage of violence." (*Id.*)

Plaintiff filed his Complaint with this court on February 10, 2021. As relief, Plaintiff seeks at least $50,000 in damages and a reduction of sentence to the time served. (Filing 1 at CM/ECF p. 6; Filing 10 at CM/ECF p. 2.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION

**A. Monetary Relief Barred by Sovereign Immunity**

Plaintiff did not specify the capacity in which the individual defendant is sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including

3

for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983. *Smith v. Beebe*, 123 F. App'x 261, 262 (8th Cir. 2005) (unpublished; per curiam) (citations omitted). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 that seek prospective equitable relief from state employee defendants acting in their official capacity. *See Ex Parte Young*, 209 U.S. 123 (1908).

Plaintiff sues the NSP, a state instrumentality, and one of its employees in her official capacity under § 1983 for monetary relief and injunctive relief. (Filing 1 at CM/ECF p. 6; Filing 10 at CM/ECF p. 2.) The Eleventh Amendment bars his claims against them for monetary relief. Plaintiff's § 1983 claims for monetary relief against Defendants must be dismissed.[1]

### B. Injunctive Relief Barred by *Heck v. Humphrey*

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486–87 (1994); *see also Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

---

[1] The NSP must also be dismissed as a defendant to this action because it is not a suable "person" for purposes of § 1983. A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991).

Here, Plaintiff requests the court to reduce his sentence and discharge him from the NSP. ([Filing 1 at CM/ECF p. 6](); [Filing 10 at CM/ECF p. 2]().) The injunctive relief Plaintiff is seeking implicates the validity of his current confinement and continued imprisonment. If the court grants such relief, it would call his current confinement and continued imprisonment into question. Thus, his claims for injunctive relief are barred by *Heck v. Humphrey* and must be dismissed. *See [Sheldon v. Hundley](), 83 F.3d 231, 233 (8th Cir. 1996)* (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *[Harvey v. Horan](), 278 F.3d 370, 375 (4th Cir. 2002)* (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *[Lawson v. Engleman](), 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003)* (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist).

While all of Plaintiff's claims must be dismissed against the NSP and Jukovic in her official capacity, the court will examine Plaintiff's constitutional claims to determine whether Plaintiff should be given an opportunity to amend his Complaint to allege plausible claims for relief against Jukovic in her individual capacity.

**C. Eighth Amendment Claim**

Liberally construed, Plaintiff raises an Eighth Amendment excessive force claim in his Complaint. "It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *[Williams v. Jackson](), 600 F.3d 1007, 1012 (8th Cir. 2010)* (internal quotation omitted). However, "because 'not . . . every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give result in a constitutional violation." *[Id.]()* (quoting *[Hudson v. McMillan](), 503 U.S. 1, 9 (1992)*); *see also [Wilkins v. Gaddy](), 559 U.S. 34, 38 (2010)* ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." (internal

quotation marks omitted)). "Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*." *Williams*, 600 F.3d at 1012 (citing *Wilkins*, 559 U.S. at 40).

The court finds that Plaintiff has not sufficiently alleged an Eighth Amendment excessive force claim. Plaintiff alleges that Jukovic repeatedly poked her fingers into the back of his right and left hands when he was trying to reach out for his meal from his segregation cell, which caused the back of both his hands to turn red. (Filing 1 at CM/ECF p. 5.) Although the force here might not have been exercised in a good-faith effort to maintain order or restore discipline, Plaintiff fails to allege facts suggesting that the force was excessive or that he suffered actual injury from the applied force. While significant injury is not required, "some actual injury must be shown." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000). Plaintiff only states that the back of his hands turned red and does not offer any facts showing the existence of any actual injury resulting from Jukovic's poking. Plaintiff has not alleged a discernible or lasting injury that would suggest the applied force was excessive.

### D. First Amendment Claim

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must show (1) he engaged in protected activity; (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002)). Further, "[t]o prevail in an action for First Amendment retaliation, 'plaintiff must show a causal connection between a defendant's retaliatory animus and [plaintiff's] subsequent injury.'" *Osborne v. Grussing*, 477 F.3d 1002, 1005 (8th Cir. 2007) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)).

The court finds that Plaintiff's allegations are not sufficient to state a First Amendment retaliation claim. Plaintiff has not alleged that he engaged in any protected activity before he was poked by Jukovic, and consequently, Plaintiff fails to show the poking was motivated by the exercise of any protected activity. Additionally, assuming Plaintiff engaged in protected activity and the poking was motivated by this protected activity, Plaintiff's allegations fail to suggest that the poking was an adverse action that would chill a person of ordinary firmness from continuing in the protected activity given that Plaintiff submitted an informal grievance after the incident. ([Filing 1 at CM/ECF p. 8](#).) *See [Naucke](#)*, 284 F.3d at 928 ("'[I]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.'" (quoting *[Bloch v. Ribar](#)*, 156 F.3d 673, 679 (6th Cir.1998))).

### E. State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violation of state laws such as negligence, intentional infliction of emotional distress, and defamation. ([Filing 1 at CM/ECF p. 5](#); [Filing 10 at CM/ECF p. 2](#).) Pending amendment, as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

### IV. CONCLUSION

Plaintiff's claims for monetary relief and injunctive relief against the NSP and Jukovic in her official capacity must be dismissed as barred by the Eleventh Amendment and *Heck v. Humphrey* respectively. The court further finds that Plaintiff has not sufficiently alleged an Eighth Amendment claim for excessive force or a First Amendment claim for retaliation against Jukovic in her individual capacity. However, the court, on its own motion, will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief against Jukovic in her individual capacity. Otherwise, this action will be dismissed.

## V. MOTION TO APPOINT COUNSEL

Plaintiff filed a Motion to Appoint Counsel. ([Filing 12](#).) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*[, 94 F.3d 444, 447 (8th Cir. 1996)](#), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *[Id.](#)* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against the Nebraska State Penitentiary and Jukovic, in her official capacity, are dismissed with prejudice and without leave to amend.

2. On the court's own motion, Plaintiff shall have until **June 4, 2021**, to file an amended complaint that states a plausible claim for relief against Jukovic in her individual capacity. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set a pro se case management deadline using the following text: **June 4, 2021**: check for amended complaint.

4. Plaintiff's Motion to Amend ([Filing 10](#)) is granted to the extent the court considered the allegations in the Motion to Amend supplemental to the Complaint.

5. Plaintiff's Motion to Appoint Counsel (Filing 12) is denied without prejudice to reassertion.

DATED this 5th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge