IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRUS TENELL SHELLY, | **8:21CV47** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE EMPLOYEE JUKOVIC, | |
| Defendant. | |

On initial review of Plaintiff's Complaint, the court dismissed Plaintiff's claims for monetary and injunctive relief against the Nebraska State Penitentiary and Defendant Jukovic in her official capacity as barred by the Eleventh Amendment and *Heck v. Humphrey* respectively. However, Plaintiff was given leave to file an amended complaint to allege facts relevant to two claims against Jukovic in her individual capacity: an Eighth Amendment claim for excessive force and a First Amendment claim for retaliation. (Filing 13.)

As to his Eighth Amendment claim, Plaintiff was instructed to "allege facts suggesting that the force was excessive or that he suffered actual injury from the applied force." (Filing 13 at CM/ECF p. 6.) With regard to his First Amendment claim, the court directed Plaintiff to identify the protected activity he engaged in prior to being poked by Jukovic and to allege facts suggesting that the "poking was an adverse action that would chill a person of ordinary firmness from continuing in the protected activity." (*Id*. at p. 7.)

Plaintiff does not allege any of the facts he was instructed to include in his Amended Complaint (Filing 14). Therefore, Plaintiff has failed to state First Amendment and Eighth Amendment claims upon which relief can be granted, and such claims must be dismissed. *Muhammad v. Frakes*, No. 4:21CV3096, 2021 WL 4844543, at *2 (D. Neb. Oct. 18, 2021) (court can dismiss pro se amended complaint

when plaintiff fails to correct pleading deficiencies indicated by court on initial review); *Frazier v. City of Omaha Police Dep't*, No. 8:18CV539, 2019 WL 11680200, at *2 (D. Neb. Apr. 23, 2019) (dismissing case because pro se plaintiff "failed to follow the court's order to file an amended complaint consistent with the court's clear directions in its previous Memorandum and Order") *aff'd*, No. 19-2069, 2019 WL 11717127 (8th Cir. Sept. 27, 2019), *cert. denied*, 140 S. Ct. 2527 (2020); *Slangal v. Getzin*, 148 F.R.D. 691, 700 (D. Neb. 1993) (adopting magistrate judge's recommendation that amended complaint be dismissed where pro se plaintiff "received full notice of the insufficiency of his original complaint and received a meaningful opportunity to respond through an invitation to file an amended complaint in order to remedy the noted failings," but failed to do so); *Tyler v. City of Omaha*, 780 F. Supp. 1266, 1275 (D. Neb. 1991) (magistrate judge's order recommending dismissal of pro se amended complaint that did not remedy failings noted in order on initial review of original complaint), *remanded without opinion*, 953 F.2d 648 (8th Cir. 1991) (Table).

Rather than following the court's directives, Plaintiff's Amended Complaint also alleges a whole new set of facts that he was not given leave to include—that is, "Jukovic's relentless campaign of physical then verbal harassment and homophobic slurs made my life hard" and "derogatory language used by Jukovic to inmates such as Tyrus Shelly a fag . . . has made me subjected to sexual harassment." (Filing 14 at CM/ECF p. 1 (cleaned up).) These allegations do not save Plaintiff's Amended Complaint from dismissal because verbal insults generally do not rise to the level of a constitutional violation unless, for example, accompanied by a verbal threat that infringes upon a prisoner's "right to be free from the terror of instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (prison guard pointed lethal weapon at prisoner, cocked it, and threatened him with instant death); *see also Obie MacFranklin Battie v. Barnett*, No. 4:21CV810, 2021 WL 5138853 at *2 (E.D. Ark. 2021) (verbal abuse does not state actionable section 1983 claim); *Anderson v. Missouri*, No. 4:09CV1131, 2009 WL 3526285, at *2 (E.D. Mo. Oct. 26, 2009) (board of parole's insults toward inmate failed to rise to level of constitutional violation and, therefore,

failed to state claim under section 1983). Plaintiff's factual allegations do not approach the level of a constitutional violation.

Accordingly,

IT IS ORDERED:

1. As stated in the court's prior Memorandum and Order (Filing 13), Plaintiff's claims against Defendants Nebraska State Penitentiary and State Employee Jukovic in her official capacity are dismissed with prejudice.

2. The remainder of Plaintiff's claims are dismissed without prejudice for failure to state a claim upon which relief can be granted.

3. Judgment will be entered by separate document.

DATED this 9th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge